ATEL FINANCIAL CORP.,
a California corporation,
Plaintiff–Appellant,

v.

QUAKER COAL COMPANY,
a Kentucky corporation,
Defendant–Appellee.

No. 01–15687.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 16, 2003.

Filed March 5, 2003.

---

David M. Wiseblood, Berg & Parker, San Francisco, CA, for the plaintiff-appellant.

Gillard B. Johnson, III, Bowling & Johnson, Lexington, KY, for the defendant-appellee.

Before SCHROEDER, Chief Judge, GOODWIN and CLIFTON, Circuit Judges.

## OPINION

PER CURIAM.

Atel Financial Corp. ("Atel") appeals from the district court's judgment that the liquidated damages provision in its $12 million equipment lease contract (the "Lease") with Quaker Coal Company ("Quaker") is unenforceable as a penalty under California law.

The facts of this case are set forth in detail in the district court's opinion, reported at 132 F.Supp.2d 1233 (N.D.Cal. 2001). In essence, the parties entered into a lease for heavy mining equipment and Quaker, the lessee, became delinquent on its lease payments for a period of several months. Atel declared default and demanded liquidated damages. Shortly thereafter, Quaker made the outstanding lease payments, and also paid late fees which were calculated at 1–1/2 % per month of the past due amount pursuant to the Lease. The following day, Atel brought suit alleging breach of contract and seeking enforcement of the liquidated damages provision of the Lease. The district court conducted a bench trial and found that by the time of trial, all amounts invoiced by Atel had been paid by Quaker, and Quaker continued to perform under the Lease. Moreover, the Lease was renewed by the parties and made effective for an extended period of time, with regard to most of the leased equipment. Based on these facts, the district court concluded that the liquidated damages provision of the Lease was unenforceable under California law because the parties did not contemplate the continuation of the Lease after a default and, therefore, the provision did not represent a reasonable endeavor to ascertain damages upon the occurrence of a default. We affirm the judgment of the district court, but upon a different ground.

Under California law, the interpretation of contract language is a ques-

tion of law. *In re Bennett*, 298 F.3d 1059, 1064 (9th Cir.2002) (citing *Oceanside 84, Ltd. v. Fidelity Federal Bank*, 56 Cal. App.4th 1441, 1448, 66 Cal.Rptr.2d 487 (Cal.App.1997)). We may affirm a district court's judgment on any ground supported by the record, whether or not the decision of the district court relied on the same grounds or reasoning we adopt. *Cigna Property & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 418 (9th Cir. 1998).

█ Atel seeks liquidated damages under Section 9 of the Lease, which provides that liquidated damages may be recovered by the lessor for loss of a bargain upon the occurrence of an event of default. The record reveals, however, that Atel suffered no such loss because the parties continued to perform under the Lease after the payment default. Furthermore, Atel testified at trial that the amount of damages resulting from the payment default was reimbursed in full by Quaker's payment of late fees. In light of these facts, Atel is not entitled to liquidated damages under the Lease.

AFFIRMED.