**UNIGEM INTERNATIONAL,**
**a California corporation,**
**Plaintiff–Appellant,**

v.

**S. WEINSTEIN & SONS,** an Israeli **Company; Benjamin Shavit; Ari Weinstein,** an individual, **Defendants–Appellees.**

No. 02–56753.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 5, 2004.

Decided Nov. 8, 2004.

R. Stephen Duke, Esq., Law Offices of Rodney T. Lewin, Beverly Hills, CA, for Plaintiff–Appellant.

Ronald A. Hecker, Esq., Los Angeles, CA, for Defendant–Appellee.

Before: HUG, T.G. NELSON, and WARDLAW, Circuit Judges.

MEMORANDUM *

Appellant Unigem International ("Unigem"), a California corporation, challenges the district court's conclusion that it lacked personal jurisdiction over Israeli defendants and Appellees S. Weinstein & Sons, Ari Weinstein, and Benjamin Shavit (collectively "Appellees"). We affirm.

We review *de novo* a district court's determination that it lacks personal jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). The reach of California's long-arm jurisdictional statute is coextensive with federal due process, which requires that a nonresident defendant have "minimum contacts" with the forum "such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Id.* at 800–01 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)); Cal.Civ.Proc.Code § 410.10. We employ a three-prong test for evaluating whether specific personal jurisdiction is consistent with due process:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or a resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's fo-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

795

rum-related activities; and (3) the exercise of jurisdiction … must be reasonable.

*Schwarzenegger,* 374 F.3d at 802 (quoting *Lake v. Lake,* 817 F.2d 1416, 1421 (9th Cir.1987)).

Unigem has not met its burden of showing that Appellees purposefully directed their activities into California or otherwise availed themselves of the benefits and protections of its laws. *See Schwarzenegger,* 374 F.3d at 802 ("The plaintiff bears the burden of satisfying the first two prongs of the test.") Although the record is silent as to how the parties' commercial relationship began, it is undisputed that Unigem solicited each individual diamond sale. Moreover, Unigem initiated the particular transaction giving rise to the claims here. It unilaterally shipped a quantity of diamonds to Israel to be sold and used for payment of promissory notes that Unigem had executed and Appellees subsequently had sold or discounted to Israeli banks. Appellee Ari Weinstein's one trip to California occurred only after Unigem had failed to meet its obligations under the notes and had returned the diamond shipment. This isolated contact is insufficient to establish purposeful availment.

Accordingly, the first prong of the test for specific jurisdiction is not met. "We may affirm a district court's judgment on any ground supported by the record, whether or not the decision of the district court relied on the same grounds or reasoning we adopt." *Atel Fin. Corp. v. Quaker Coal Co.,* 321 F.3d 924, 926 (9th Cir.2003). The district court correctly concluded that the exercise of personal jurisdiction over Appellees would violate due process.

AFFIRMED.