**James D. HIGGINBOTHAM, Petitioner—Appellant,**

v.

**Steven J. CAMBRA, Jr., Warden, Respondent—Appellee.**

**No. 03–57076.**

United States Court of Appeals, Ninth Circuit.

Argued Dec. 7, 2004.

Submitted June 13, 2005.

Decided June 15, 2005.

Jason I. Ser, FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Petitioner—Appellant.

Lynne G. McGinns, Esq., AGCA—Office of the California Attorney General, San Diego, CA, for Respondent—Appellee.

Before: HUG, PREGERSON, and BERZON, Circuit Judges.

## MEMORANDUM *

Petitioner James Higginbotham, currently serving a third strike sentence in California for felony cohabitant battery, appeals the district court's denial of his habeas corpus petition under 28 U.S.C. § 2254. The facts of this case are familiar to the parties. Upon *de novo* review, *Casey v. Moore*, 386 F.3d 896, 904 (9th Cir. 2004), we affirm.

Higginbotham claims that his trial attorney, Stephen Brodsky, provided ineffective assistance during plea negotiations and at trial by failing to research the mens rea requirement of the statute under which he was convicted. The California Court of Appeal, applying an analysis consistent with *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), found that Higginbotham had not shown any prejudice resulting from

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Brodsky's performance as counsel. In particular, Higginbotham did not prove that he would have declined to testify, and would have instead accepted the plea bargain, but for Brodsky's allegedly inadequate research and resulting misadvice. This conclusion was not contrary to, nor an "objectively unreasonable" application of, *Strickland* in light of the evidence available at the state habeas proceeding. *See Lockyer v. Andrade,* 538 U.S. 63, 75, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003); 28 U.S.C. § 2254(d)(1). Although the district court did not consider *Strickland's* prejudice prong, we may uphold its judgment on any ground supported by the record, *see Atel Fin. Corp. v. Quaker Coal Co.,* 321 F.3d 924, 926 (9th Cir.2003) (per curiam), and we therefore affirm because Higginbotham failed to show prejudice.

 Higginbotham also argues that his exclusion from an in-chambers conference violated due process. "[A] defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Kentucky v. Stincer,* 482 U.S. 730, 745, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987). Here, it does not appear that a due process violation occurred because Higginbotham's presence at the conference would have contributed little to the proceedings. The conference took place following closing argument, long after the plea offer had been withdrawn; it is not clear what additional purpose Higginbotham's presence would have served. Where, as here, a defendant's "presence would be useless, or the benefit but a shadow," his or her right to be present is not guaranteed. *Id.* (internal quotations omitted). Moreover, even if Higginbotham's exclusion from the conference violated due process, any error was harmless. *See Campbell v. Rice,* 408 F.3d 1166, 1172–1173 (9th Cir.2005) (en banc) (holding that the defendant's exclusion from an in-chambers conference addressing his attorney's alleged conflict was "trial error subject to harmless error review"). As discussed above, Higginbotham has not shown prejudice resulting from Brodsky's allegedly deficient performance. As in *Campbell,* the state court's decision here finding the exclusion harmless was not an objectively unreasonable application of federal law. *See id.* at 1173.

Finally, Higginbotham contends that the trial court violated due process by refusing to give a lesser included offense instruction on misdemeanor battery. The California Court of Appeal, applying state law, concluded that cohabitant battery was a general intent crime, despite Brodsky's theory to the contrary, and further found that Higginbotham's actions caused a "traumatic condition" as required for a felony conviction. Accordingly, the evidence did not support a lesser included offense instruction on misdemeanor battery. There is thus no constitutional error to review here. *See Solis v. Garcia,* 219 F.3d 922, 929 & n. 7 (9th Cir.2000) (per curiam).

AFFIRMED.