**STARDUST MOBILE ESTATES LLC, Plaintiff—Appellant,**

v.

**CITY OF SAN BUENAVENTURA; City of San Buenaventura Rent Review Board, Defendants—Appellees.**

No. 03–56927.

D.C. No. CV–03–05714–JFW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 3, 2005.

Submission Withdrawn May 20, 2005.

Resubmitted July 27, 2005.

Decided July 29, 2005.

C. William Dahlin, Hart King & Coldren, P.C., Santa Ana, CA, for Plaintiff–Appellant.

Robert G. Boehm, City Attorney, Ventura, CA, for Defendants–Appellees.

Before PREGERSON, FISHER and BYBEE, Circuit Judges.

## MEMORANDUM [*]

Stardust Mobile Estates ("Stardust") appeals the district court's dismissal of its claims against the City of San Buenaventura (the "City") and the City's Rent Review Board. We AFFIRM.

Stardust alleges that the City's Mobile Home Park Rent Control Stabilization Ordinance fails to substantially advance a legitimate government interest. The district court dismissed this claim as unripe; we affirm on different grounds. *See Atel Fin. Corp. v. Quaker Coal Co.*, 321 F.3d 924, 926 (9th Cir.2003) (per curiam) (stating that this court may affirm dismissal on any ground supported by the record). The Supreme Court recently held in *Lingle v. Chevron U.S.A. Inc.* that the " 'substantially advances' formula is not a valid takings test, and ... has no proper place in ... takings jurisprudence." —— U.S. ——, 125 S.Ct. 2074, 2087, 161 L.Ed.2d 876 (2005). *Lingle* requires that Stardust's claim, whether brought facially or as applied, be dismissed with prejudice. *See Spoklie v. Montana*, 411 F.3d 1051, (9th Cir.2005).

To the extent that Stardust also brings an as-applied regulatory takings challenge on the ground that by denying Stardust's application for a rent increase, the City took its property without compensation, we dismiss the claim as unripe. Stardust has "obtained a final decision from the governmental authority charged with implementing the regulations" but has not "pursued compensation through state remedies" or demonstrated that the available state remedies are futile. *Hacienda Valley Mobile Estates v. City of Morgan Hill*, 353 F.3d 651, 655 (9th Cir.2003) (citing *Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194–95, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1982)); *see also San Remo Hotel, L.P. v. City and County of San Francisco*, —— U.S. ——, 125 S.Ct. 2491, —— L.Ed.2d —— (2005) (declining to reconsider the *Williamson County* ripeness requirements). Stardust's rent increase application, the denial of which effected the taking, cannot be construed as pursuit of state compensation for that same taking. *Hacienda Valley*, 353 F.3d at 658. Nor has Stardust demonstrated that California's rent adjustment is inadequate. *See Carson Harbor Village, Ltd. v. City of Carson*, 353 F.3d 824, 830 (9th Cir.2004); *Hacienda Valley*, 353 F.3d at 658–61. Like the plaintiffs in *Carson Harbor* and *Hacienda Valley*, Stardust offers only that the rent adjustment will provide an inadequate remedy, not that it already has.

We also affirm dismissal of Stardust's procedural due process claim. Stardust must seek compensation through available state procedures before bringing a 42 U.S.C. § 1983 claim attacking the decisionmaking process that allegedly resulted in an unlawful taking. *Lake Nacimiento Ranch Co. v. County of San Luis Obispo*, 841 F.2d 872, 879 (9th Cir.1987) (citing *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)).

AFFIRMED.

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.