**VISTA DE SANTA BARBARA ASSOCIATES, LP, an Illinois Limited Partnership, Plaintiff—Appellant,**

v.

**CITY OF CARPINTERIA; City of Carpinteria Rent Stabilization Board; City of Carpinteria City Council, Defendants—Appellees.**

No. 04–55392.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 3, 2005.

Submission Withdrawn May 20, 2005.

Resubmitted July 27, 2005.

Decided July 29, 2005.

---

Robert G. Williamson, Jr., Esq., C. William Dahlin, Hart King & Coldren, P.C., Santa Ana, CA, for Plaintiff–Appellant.

Sarah J. Knecht, Esq., Hatch & Parent, Santa Barbara, CA, Donald R. Lincoln, Esq., Henry E. Heater, Esq., Endeman Lincoln Turek & Heater, San Diego, CA, for Defendants–Appellees.

Before: PREGERSON, FISHER and BYBEE, Circuit Judges.

## MEMORANDUM *

Vista de Santa Barbara Associates, LP ("Vista") appeals the district court's dismissal of its claims against the City of Carpinteria (the "City") and the City's Rent Stabilization Board. We AFFIRM.

Vista alleges that the City's mobile home park rent control ordinance fails to substantially advance a legitimate government interest. The district court dismissed this claim as unripe; we affirm on different grounds. *See Atel Fin. Corp. v. Quaker Coal Co.,* 321 F.3d 924, 926 (9th Cir.2003) (per curiam) (stating that this court may affirm dismissal on any ground supported by the record). The Supreme Court recently held in *Lingle v. Chevron U.S.A. Inc.* that the " 'substantially advances' for-

mula is not a valid takings test, and . . . has no proper place in . . . takings jurisprudence." —— U.S. ——, ——, 125 S.Ct. 2074, 2087, —— L.Ed.2d ——, —— (2005). *Lingle* requires that Vista's claim, whether brought facially or as applied, be dismissed with prejudice. *See Spoklie v. Montana,* 411 F.3d 1051 (9th Cir.2005).

■ To the extent that Vista also brings an as-applied regulatory takings challenge on the ground that by denying Vista's application for a rent increase, the City took its property without compensation, we dismiss the claim as unripe. Vista has "obtained a final decision from the governmental authority charged with implementing the regulations," but has not "pursued compensation through state remedies" or demonstrated that the available state remedies are futile. *Hacienda Valley Mobile Estates v. City of Morgan Hill,* 353 F.3d 651, 655 (9th Cir.2003) (citing *Williamson County Reg'l Planning Comm'n v. Hamilton Bank,* 473 U.S. 172, 194–95, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985)); *see also San Remo Hotel, L.P. v. City and County of San Francisco,* —— U.S. ——, 125 S.Ct. 2491, —— L.Ed.2d —— (2005) (declining to reconsider the *Williamson County* ripeness requirements). Vista's rent increase application, the denial of which effected the taking, cannot be construed as pursuit of state compensation for that same taking. *Hacienda Valley Mobile Estates v. City of Morgan Hill,* 353 F.3d 651, 658 (9th Cir.2003). Nor has Vista demonstrated that California's rent adjustment is inadequate. *See Carson Harbor Village, Ltd. v. City of Carson,* 353 F.3d 824, 830 (9th Cir.2004); *Hacienda Valley,* 353 F.3d at 658–61. Like the plaintiffs in *Carson Harbor* and *Hacienda Valley,* Vista offers only that California's rent adjustment will provide an inadequate remedy, not that it already has.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We also affirm dismissal of Vista's procedural due process claims. Vista must seek compensation through available state procedures before bringing a 28 U.S.C. § 1983 claim attacking the decision-making process that allegedly resulted in an unlawful taking. *Lake Nacimiento Ranch Co. v. County of San Luis Obispo,* 841 F.2d 872, 879 (9th Cir.1987) (citing *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)).

We also affirm dismissal of Vista's First Amendment petitioning claim. The City was within constitutional bounds in charging Vista an administrative fee for its petitioning activity. *See, e.g., Kaplan v. County of Los Angeles,* 894 F.2d 1076, 1081 (9th Cir.1990) (holding that requiring fees for activities that involve expression does not violate the First Amendment). Further, as the district court noted, the hearing actually went forward, and Vista never paid the second fee whose imposition Vista contends chilled its First Amendment petitioning rights. To the extent that Vista argues that the fees it did pay were unreasonably high or somehow punitive, such a claim is properly viewed as one of the procedural due process claims whose dismissal we affirm for failure to seek compensation through available state procedures.

Finally, we affirm the district court's denial of leave to amend. Vista sets forth no explanation of how amendment could cure the claims that have been dismissed with prejudice, and we can identify none.

AFFIRMED.