In re: Maria **DETWILER,**

Maria **DETWILER,** on behalf of herself and all others similarly situated, Petitioner,

v.

United States District Court for the Western District of Washington, Respondent,

T–Mobile USA Inc., a Delaware corporation, Real Party in Interest.

No. 08–72823.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2008.*

Filed Dec. 12, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

J. Paul Gignac, Kiley Lynn Grombacher, Esquire, Arias, Ozzello & Gignac, LLP, Santa Barbara, CA, Michael Sobol, Esquire, Barbra L. Williams, Lieff Cabraser Heimann & Bernstein, LLP, San Francisco, CA, for Petitioner.

Scott A.W. Johnson, Shelley M. Hall, Karolyn Ann Hicks, Esquire, Stokes Lawrence, PS, Seattle, WA, for Real Party in Interest.

Before: GOULD, TALLMAN and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Maria Detwiler ("Detwiler") petitions for a writ of mandamus vacating the district court's order compelling arbitration. Detwiler challenges the district court's conclusion that, as specified by her contract with T–Mobile, Florida law governs the instant dispute, even though the arbitration provision contains a class action waiver. Detwiler also challenges the district court's

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

conclusion that the choice-of-law provision is not unconscionable. We deny the petition.

Because this suit was filed in the Western District of Washington, we must look to Washington's choice-of-law rules. *See Patton v. Cox*, 276 F.3d 493, 495 (9th Cir.2002) ("When a federal court sits in diversity, it must look to the forum state's choice of law rules to determine the controlling substantive law."). Accordingly, resolution of this dispute requires determining: (1) whether there is an actual conflict of laws between Washington and Florida, and if so, (2) whether the parties' choice of Florida law is effective. *See Erwin v. Cotter Health Ctrs.*, 161 Wash.2d 676, 167 P.3d 1112, 1120 (2007). The parties agree that an actual conflict of laws exists between Washington and Florida as to the enforceability of class action waivers in binding arbitration provisions.

■ Applying section 187(2)(b) of the Restatement (Second) Conflict of Laws (1971) ("Restatement"), Washington courts will enforce a choice-of-law provision unless all three of the following conditions are met: (1) "without the provision, Washington law would apply" under section 188 of the Restatement; (2) "the chosen state's law violates a fundamental public policy of Washington"; and (3) "Washington's interest in the determination of the issue materially outweighs the chosen state's interest." *McKee v. AT&T Corp.*, 164 Wash.2d 372, 191 P.3d 845, 851 (2008). Here, the district court held that the parties' choice of Florida law was effective because "Washington does not have a materially greater interest than Florida in applying

its law to Ms. Detweiler's [sic] subscriber agreement." Because the district court found the third prong dispositive, it did not examine the first or second prongs.

■ The district court did not clearly err in applying Florida law because, under the first prong, Washington law would not apply in the absence of the choice-of-law provision.[1] In determining which state's law would apply under section 188 of the Restatement, Washington courts weigh the relative importance of: (1) the place of contracting; (2) the place of contract negotiation; (3) the place of contract performance; (4) the location of the subject matter of the contract; and (5) the domicile, residence, or place of incorporation of the parties. *Id.* at 852 (holding that Washington law applies where "New York's only tie to this litigation is that it is the state of incorporation of [the defendant]"). Here, Florida is the place of contracting, the place of negotiation, the place of performance, the location of the subject matter, and the residence of one of the parties. That T-Mobile is headquartered in Washington is the only fact tying Washington to this litigation. We therefore conclude that, absent the choice-of-law provision, a Washington court would apply Florida law to the instant dispute.

■ The district court also did not clearly err in concluding that the choice-of-law provision is neither substantively nor procedurally unconscionable.[2] "Substantive unconscionability involves those cases where a clause or term in the contract is alleged to be one-sided or overly harsh." *Zuver v. Airtouch Commc'ns, Inc.*, 153

---

1. We may affirm a district court's judgment on any basis supported by the record, even if that basis differs from the reasoning of the district court. *Atel Fin. Corp. v. Quaker Coal Co.*, 321 F.3d 924, 926 (9th Cir.2003) (per curiam).

2. Because Petitioner cited Washington but not Florida law in her opposition to T-Mobile's motion to compel arbitration, we examine unconscionability of the choice-of-law clause only under Washington law.

Wash.2d 293, 103 P.3d 753, 759 (2004) (quoting *Schroeder v. Fageol Motors, Inc.*, 86 Wash.2d 256, 544 P.2d 20, 23 (1975)). In Washington, " '[s]hocking to the conscience', 'monstrously harsh', and 'exceedingly calloused' are terms sometimes used to define substantive unconscionability." *Id.* (quoting *Nelson v. McGoldrick*, 127 Wash.2d 124, 896 P.2d 1258, 1262 (1995)). Washington courts define procedural unconscionability as "the lack of meaningful choice, considering all the circumstances surrounding the transaction including [t]he manner in which the contract was entered, whether each party had a reasonable opportunity to understand the terms of the contract, and whether the important terms [were] hidden in a maze of fine print." *Id.* (quoting *Nelson*, 896 P.2d at 1262) (internal quotation marks omitted, alterations in original).

■ Designating the law of the consumer's home state as the law governing a cellular telephone contract does not satisfy the standard for substantive unconscionability. To the contrary, courts have invalidated choice-of-law provisions selecting other states in favor of the law of the state in which the consumer resides. *See, e.g.*, *Oestreicher v. Alienware Corp.*, 502 F.Supp.2d 1061, 1065–69 (N.D.Cal.2007) (applying California law in a class action on behalf of California residents where contract provided for Florida law and defendant was a Florida company); *McKee*, 191 P.3d at 852 (applying Washington law in a class action suit where named plaintiff was a Washington resident, defendant was incorporated in New York, and contract provided for New York law). Although Detwiler argues also that the choice-of-law provision is substantively unconscionable because it leads to enforcement of the arbitration and class action waiver provisions, she failed to raise this argument before the district court. Moreover, to render the choice-of-law provision unenforceable on this basis would subvert the Restatement section 187 analysis applied by Washington courts when the parties have made an express contractual choice of law.

■ Detwiler's primary argument for procedural unconscionability is that the Agreement is a consumer contract of adhesion. But "the fact that an agreement is an adhesion contract does not necessarily render it procedurally unconscionable." *Zuver*, 103 P.3d at 760. Detwiler does not argue that she was pressured to enter the contract, or that the choice-of-law provision was hidden in a "maze of fine print." That Detwiler would have chosen Washington over Florida law had the implications of that choice been explained is irrelevant; this being a contract of adhesion, Detwiler never had a choice between Washington and Florida law, only a choice to enter or not enter the Agreement with T–Mobile. Nor is the choice-of-law provision—which states that "[t]his Agreement is governed by ... the laws of the state in which your billing address in our records is located"—"set forth in such a way that an average person could not understand [it]." *Id.* at 761. Finally, the fact that Detwiler contracted with T–Mobile eleven times since November 2002, and received a Welcome Guide containing the Agreement as many as five times, further supports the conclusion that she had reasonable opportunity to understand the terms of this contract.

Because the district court did not clearly err in applying Florida law and in finding the choice-of-law clause not unconscionable, we DENY the petition for a writ of mandamus.