**UNITED STATES of America,**
**Plaintiff—Appellee,**

**v.**

**Robert Dale HOWE, Defendant—**
**Appellant.**

**No. 08–30031.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 20, 2009.

Filed Feb. 25, 2009.

Lori Anne Harper Suek, Assistant U.S. Attorney, USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff-Appellee.

David Merchant, Assistant Federal Public Defender, FDMT–Federal Defenders of Montana, Billings, MT, for Defendant–Appellant.

Before: REAVLEY,* Senior Circuit Judge, TALLMAN and M. SMITH, Circuit Judges.

## MEMORANDUM **

Robert Dale Howe entered a conditional guilty plea to burglary within Indian country in violation of 18 U.S.C. § 1153(b) and Mont.Code Ann. § 45–6–204(1). Howe contends that the district court erred by denying his motion to suppress a prescription bottle, belonging to an employee of the burglary victim, found on his person. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

We review de novo the denial of a motion to suppress evidence. *United States v. Davis*, 530 F.3d 1069, 1077 (9th Cir. 2008). We review any underlying factual findings for clear error. *Id.* We may affirm a district court's judgment on any basis supported by the record, even if that basis differs from the reasoning of the district court. *Atel Fin. Corp. v. Quaker Coal Co.*, 321 F.3d 924, 926 (9th Cir.2003) (per curiam).

Howe argues that, under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), officers lacked reasonable suspicion to stop him and to conduct a pat down search of his person. Howe further argues that, even if reasonable suspicion were present, the pat down exceeded the scope of a permissible search.

However, our review of the record satisfies us that probable cause existed to arrest Howe. *See United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir.2007) (noting that probable cause exists when, "under the totality of circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime" (quotation omitted, alteration in original)). Ranchers checking on their cattle in a remote mountainous area spotted a truck matching the stolen vehicle's distinctive description (a white utility truck with the number "1" painted on the side) on a snow-covered, seasonal mountain road, and reported that they had observed a lone individual inside that truck. Officer Johnson of the Bureau of Indian Affairs responded and encountered Howe walking along that snow-covered, seasonal mountain road away from the truck's reported location. Howe was notably underdressed for the outdoors given the cold temperature and fresh snow, and was known from previous encounters with Officer Johnson to not be a "mountain person." Howe's jacket pockets were bulging, and despite the fact that Officer Johnson knew him to be unemployed, Howe had a very expensive pair of laser rangefinders hanging around his neck. Howe accounted for his

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

presence by telling the officer he was just "out for a walk." Officer Johnson decided to take Howe into custody on suspicion of committing the burglary.

Because Officer Johnson had probable cause to arrest Howe, removal of all items, including the prescription bottle, from Howe's pockets was lawful. *See United States v. Caseres,* 533 F.3d 1064, 1070 (9th Cir.2008) (noting that searches incident to arrest "are justified as a means to find weapons the arrestee might use or evidence the arrestee might conceal or destroy" (citing *Chimel v. California,* 395 U.S. 752, 762–63, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969))).

**AFFIRMED.**