Donna L. McKEREGHAN,
Plaintiff—Appellant,

v.

The CITY OF SPOKANE; et al.,
Defendants—Appellees.

No. 07–36074.

United States Court of Appeals,
Ninth Circuit.

Submitted March 18, 2009.*

Filed April 2, 2009.

R.App. P. 34(a)(2).

Donna L. McKereghan, Spokane, WA, pro se.

Ellen M. O'Hara, Esq., Office of the City Attorney, Spokane, WA, for Defendants–Appellees.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

Donna L. McKereghan appeals pro se from the district court's summary judgment in favor of the City of Spokane and various City employees (the "City") in her

** This disposition is not appropriate for publication and is not precedent except as provid-

action alleging violation of the Americans with Disabilities Act ("ADA"), and other causes of action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1087 (9th Cir.2001), and may affirm on any ground supported by the record, *Atel Fin. Corp. v. Quaker Coal Co.*, 321 F.3d 924, 926 (9th Cir.2003). We affirm.

■ The district court properly granted summary judgment on McKereghan's claim that the City did not hire her as a public information coordinator on the basis of her disability, because McKereghan failed to create a triable issue as to whether the City's legitimate and nondiscriminatory reason was pretext for discrimination. *See Snead*, 237 F.3d at 1093–94 (affirming summary judgment for employer on ADA claim where plaintiff failed to present sufficient evidence that proffered reason was pretext for discrimination).

■ We affirm summary judgment on McKereghan's claim that the City's qualification standard for the position violated the ADA, because the record supports the district court's conclusion that the qualification standards were a business necessity. *See* 42 U.S.C. § 12113(a); *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 994–97 (9th Cir.2007) (en banc) (explaining contours of the affirmative defense of "business necessity" for the use of a qualification standard that may screen out an individual with a disability).

McKereghan's remaining contentions are unavailing.

**AFFIRMED.**