FILED

NOV 23 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CLARENCE JAY FAULKNER,

    Plaintiff - Appellant,

  v.

SHERI POTEET, Associate
Superintendent and SHANE MAITLAND,
Mailroom Supervisor,

    Defendants - Appellees.

No. 09-35875

D.C. No. 3:08-cv-05508-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted November 16, 2010[**]

Before:    TASHIMA, BERZON, and CLIFTON, Circuit Judges.

    Clarence Jay Faulkner, a Washington state prisoner, appeals pro se from the

district court's order granting summary judgment as to certain claims and

dismissing with prejudice the remaining claims in his 42 U.S.C. § 1983 action

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

alleging retaliation and due process claims under the First and Fourteenth Amendments. We have jurisdiction under 28 U.S.C. § 1291. We review de novo summary judgment and dismissal for failure to state a claim, *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam), and may affirm on any grounds supported by the record, *Atel Fin. Corp. v. Quaker Coal Co.*, 321 F.3d 924, 926 (9th Cir. 2003) (per curiam). We affirm.

Defendants Poteet and Maitland were entitled to summary judgment on Faulkner's due process claim. Faulkner failed to establish a triable issue as to whether he was deprived of a protected interest due to the erroneous information in the mail restriction notices. *See Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (to state a procedural due process claim, a plaintiff must allege "(1) a liberty of property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process.") (internal citation and quotation omitted). Faulkner received a meaningful, due process hearing on the infraction. *See Wolff v. McDonnell*, 418 U.S. 539, 563-72 (1974) (setting forth the notice, hearing, and appeal requirements that a prisoner must receive as part of a disciplinary action).

Summary judgment on Faulkner's retaliation claim was appropriate because Faulkner did not establish a triable issue of fact as to whether defendant Maitland

acted with a retaliatory motive.  *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (stating elements of a retaliation claim).

The district court did not abuse its discretion by dismissing Faulkner's complaint with prejudice, because amendment would be futile.  *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009).

**AFFIRMED.**