

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTHA CASTILLO, et al., | No. 12-16008 |
| Plaintiffs - Appellants, | D.C. No. CV 08-653-TUC-RCC |
| v. | |
| WELLS FARGO BANK, N.A., | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted January 16, 2014**
San Francisco, California

Before: TALLMAN and IKUTA, Circuit Judges, and GORDON, District Judge.***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Andrew P. Gordon, United States District Judge for the District of Nevada, sitting by designation.

Plaintiff Martha Castillo appeals the summary judgment entered in favor of defendant Wells Fargo Bank, N.A., on her discrimination claims. Castillo claimed that Wells Fargo's enforcement of its language policy against her was racially discriminatory, and that Wells Fargo retaliated against her for complaining about the policy. The district court granted summary judgment on Castillo's claims on the bases that (1) Wells Fargo's enforcement of its language policy against Castillo was not racially discriminatory; (2) Castillo failed to exhaust administrative remedies as to her Title VII retaliation claims; (3) Castillo failed to put Wells Fargo on notice of her § 1981 claims regarding her eventual termination and the denial of her transfer request; and (4) Castillo's remaining § 1981 claims lacked merit because the incidents alleged are not actionable retaliation.

Wells Fargo's language policy was a "limited, reasonable and business-related English-only rule" that Wells Fargo enforced against "an employee who can readily comply with the rule [but] voluntarily chooses not to observe it as a matter of individual preference." *Jurado v. Eleven-Fifty Corp.*, 813 F.2d 1406, 1411 (9th Cir. 1987). Wells Fargo's enforcement of its language policy against Castillo was not racially discriminatory.

As to the retaliation claims, Castillo exhausted her Title VII administrative remedies because her allegations of discrimination are "like or reasonably related to

the allegations in [her] EEOC charge, or [] fall within the EEOC investigation which can reasonably be expected to grow out [of] the charge of discrimination." *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001) (internal quotation marks omitted); *Kaplan v. Int'l Alliance of Theatrical & Stage Employees*, 525 F.2d 1354, 1359 (9th Cir. 1975) (EEOC charges must be construed "with the utmost liberality"). Nevertheless, we may affirm summary judgment on any ground the record supports. *Atel Fin. Corp. v. Quaker Coal Co.*, 321 F.3d 924, 926 (9th Cir. 2003) (per curiam).

Castillo failed to put Wells Fargo on notice of her retaliation claims arising from the denial of her transfer request. Fed. R. Civ. P. 8(a)(2); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (a plaintiff may not raise new allegations for the first time in opposition to summary judgment). Her complaint and moving papers make no mention of the denial of transfer request.[1] Thus, summary judgment was proper on her Title VII and § 1981 claims arising from the

---

[1]    Furthermore, Castillo failed to establish a prima facie case of retaliation based on a denial of transfer. To establish causation, she relies solely on the temporal proximity between the protected conduct of filing a claim and the denial of transfer, but the denial took place more than 15 months after the protected conduct. This lapse of time is too long to give rise to an inference of causation. *See Clark Cnty. Scho. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002).

denial.  Only her retaliation claims based on the June 2008 informal discipline were proper for consideration on their merits.

As to the merits of those claims, the informal discipline was not a materially adverse action. 42 U.S.C. § 2000e-3(a); *McGinest v. GTE Service, Corp.*, 360 F.3d 1103, 1124 (9th Cir. 2004).  Castillo was simply reminded to comply with the language policy.  In addition, Castillo failed to establish that Wells Fargo enforced its language policy against her because of her protected activities. *Id.*  Finally, Wells Fargo had legitimate business reasons to enforce the policy, and Castillo did not establish that those reasons were pretext for retaliation. *Id*.

**AFFIRMED.**