

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FIRST CITY PACIFIC, INC., | No. 16-56274 |
| Plaintiff-Appellant, | D.C. No.<br>2:12-cv-09401-FMO-MRW |
| v. | |
| HOME DEPOT USA, INC.; DOES, 1-50, inclusive, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Argued and Submitted February 16, 2018
Pasadena, California

Before: BERZON and BYBEE, Circuit Judges, and WOODCOCK,[**] District
Judge.

First City is the landlord and Home Depot the tenant on a commercial lease

(the "Lease") in Van Nuys, California. Rent under the Lease follows a formula

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable John A. Woodcock, Jr., United States District Judge
for the district of Maine, sitting by designation.

that provides for periodic increases to reflect, among other things, changes in the Consumer Price Index ("CPI"). The Lease also provides that rent was, in 2009, to "reset" to a fraction of the then-prevailing fair market rent.

The parties disputed how to calculate fair market rent, so they agreed to a series of arbitrations aimed at explaining the meaning of the term and providing a dollar figure for it. As to the meaning of fair market rent, the arbitrator sided with Home Depot, declaring that fair market rent should "be appraised[] by taking into consideration, *inter alia*, all economic terms of the [Lease] and of all comparable properties." As to the exact figure for fair market rent, the arbitrator sided with neither party, but arrived at an amount slightly closer to Home Depot's estimate.[1] First City did not challenge in court any aspect of the arbitral awards relevant to this appeal.

In 2012, First City brought the present action for declaratory relief, seeking to clarify that although rent "reset" in 2009, accumulated rent increases related to CPI did not; they instead rolled over while the rest of the rent reset. Home Depot moved for summary judgment on various grounds, including claim preclusion and

---

[1] These separate arbitrations were governed by separate arbitration agreements. The second arbitration agreement was reached after the issuance of the first arbitral award — that is, after the arbitrator explained the meaning of fair market rent.

equitable estoppel based on the earlier arbitrations. The district court rejected the argument for claim preclusion, reasoning that the arbitrations were in the nature of declaratory actions, to which California applies an exception to the ordinary rules of claim preclusion. *See* Cal. Civ. Pro. Code § 1062. The district court granted summary judgment on equitable estoppel, however, concluding that First City should have raised its interpretation of the Lease at arbitration, as its interpretation was relevant to the calculation of market rent. First City filed a timely appeal.

We review a grant of summary judgment de novo. *Fontana v. Haskin*, 262 F.3d 871, 876 (9th Cir. 2001). We may affirm "on any ground supported by the record." *Atel Fin. Corp. v. Quaker Coal Co.*, 321 F.3d 924, 926 (9th Cir. 2003). We affirm on the ground of claim preclusion.[2]

California's Declaratory Relief Act provides that declaratory judgments do not "preclude any party from obtaining additional relief based upon the same facts." Cal. Civ. Pro. Code § 1062. This exception to the ordinary rules of claim preclusion reflects a central purpose of the Declaratory Relief Act, "to provide parties with a quick way of resolving disputes without the need to assert all claims based on the same cause of action." *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th

---

[2] First City's request for judicial notice of the transcript of the first arbitration, Dkt. No. 39, is granted.

3

888, 902 (2002). Accordingly, although "a declaratory judgment is conclusive as to the matters declared," it is "not res judicata under the merger doctrine with respect to matters not covered in the judgment that could have been raised." *Aerojet-Gen. Corp. v. Am. Excess Ins. Co.*, 97 Cal. App. 4th 387, 410 n.6 (2002), *as modified on denial of reh'g* (Apr. 2, 2002).

The present action does not fall within this exception to the ordinary rules of claim preclusion. First City is not seeking "additional relief," Cal. Civ. Pro. Code § 1062, in the sense of relief beyond that which it was already awarded. It is attempting to relitigate "matters declared" at arbitration — namely, the meaning and value of fair market rent — that it opted not to appeal directly after receiving unfavorable arbitral awards. The Declaratory Relief Act does not so permit.

First City frames its argument for "rollover" CPI as an issue unaddressed at arbitration and thus amenable to a new declaratory judgment. But the first arbitral award made clear that fair market rent included all "economic terms" of the Lease — a category of which CPI adjustments, designed to capture the natural inflation in rental values over time, are a paradigmatic example. Had First City objected to this definition of fair market rent, it could have challenged the first arbitral award after it was issued. *See* Cal. Civ. Pro. Code §§ 1285, 1288. Instead, having received a definition of fair market rent, First City agreed to a further

4

arbitration designed to calculate an exact figure for it. First City then allowed the figure the arbitrator reached to go unchallenged as well. The role of CPI adjustments in calculating fair market rent has therefore been fully litigated and conclusively resolved. That First City neglected to make the arguments it now wishes to make in support of rollover CPI is not a valid basis for avoiding the application of res judicata.

**AFFIRMED.**