**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 9 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES R. BROWN, | No. 21-15103 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-01363-GMN-DJA |
| v. | |
| THE LAKES CROSSING CENTER; NICKOLAS H. CULPEPPER; SHELLY BRYANT, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted November 19, 2021
San Francisco, California

Before: PAEZ, WATFORD, and FRIEDLAND, Circuit Judges.

Plaintiff Charles Brown brought an action under 42 U.S.C. § 1983 alleging

that Defendants Shelly Bryant and Nickolas Culpepper, his caseworker and

treating physician at the state-run Lake's Crossing Center, conspired to deprive

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

him of due process in connection with a *Sell*[1] hearing in state court. Invoking the *Rooker–Feldman* doctrine, the district court dismissed the case for lack of subject matter jurisdiction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the dismissal on other grounds.

Brown did not name the state court or judge as a defendant, and he does not seek injunctive relief that would prevent him from being forcibly medicated pursuant to the state court's order following the *Sell* hearing. Instead, he seeks declaratory and monetary relief for an alleged conspiracy by his caseworker and treating physician to deprive him of due process in connection with the hearing. Because Brown's complaint did not assert a legal wrong by the state court or seek relief from its judgment, instead asserting "an allegedly illegal act or omission by . . . [third] part[ies]," the federal action was not a de facto appeal of a state court judgment. *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)); *see also Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140-41 (9th Cir. 2004).

The district court opined that "[i]n addition to barring de facto appeals from state court judicial decisions, the *Rooker–Feldman* doctrine forbids federal district

---

[1] *Sell v. United States*, 539 U.S. 166, 179 (2003) (establishing the circumstances under which a state may "involuntarily . . . administer antipsychotic drugs to a mentally ill defendant facing serious criminal charges in order to render that defendant competent to stand trial").

courts from deciding issues 'inextricably intertwined' with an issue the state court resolved in its decision." To the contrary, "[o]nly when there is already a forbidden de facto appeal in federal court does the 'inextricably intertwined' test come into play." *Noel*, 341 F.3d at 1158. Brown's § 1983 action was not a de facto appeal of a state court judgment, and the *Rooker–Feldman* inquiry should have ended there. We therefore conclude that the district court erred in holding that it lacked subject matter jurisdiction. But Defendants urge various alternative grounds for affirmance, and "[w]e may affirm a district court's judgment on any ground supported by the record." *Atel Fin. Corp. v. Quaker Coal Co.*, 321 F.3d 924, 926 (9th Cir. 2003).

We agree with Bryant that Brown has waived all his claims against her by failing to raise them in his opening brief on appeal. *See Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief."). Brown omitted any mention of Bryant in his opening brief, and his argument on reply that there was no appealable final judgment as to her is unavailing: The district court dismissed the whole complaint and entered judgment in favor of all defendants. We therefore affirm the dismissal of all claims against Bryant.

Culpepper argues that he is entitled to qualified immunity on Brown's § 1983 claim for damages, and we agree. To determine whether an official has

3

qualified immunity, we must consider "(1) whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the [official]'s conduct violated a constitutional right; and (2) if so, whether the right was clearly established in light of the specific context of the case." *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016) (quoting *Krainski v. Nevada ex rel. Bd. of Regents*, 616 F.3d 963, 970 (9th Cir. 2010)). Viewing the facts alleged in the light most favorable to Brown, there is no indication that Culpepper engaged in any act or omission that caused the deprivation of a constitutional right. And there is no clearly established law that requires a treating physician, rather than the court, the prosecution, or defense counsel, to provide a defendant with notice of an upcoming *Sell* hearing. Culpepper is entitled to qualified immunity from damages on the § 1983 claim.

As for the claim against Culpepper for declaratory relief, "a case or controversy exists justifying declaratory relief only when the challenged government activity is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties." *Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008) (quoting *Headwaters, Inc. v. Bureau of Land Mgmt.*, 893 F.2d 1012, 1015 (9th Cir. 1990)). Counsel for Brown acknowledged at oral argument that the state charges against Brown have been dismissed. At this point, Brown

4

faces no prospect of future forcible medication arising out of the *Sell* hearing in question. What he seeks is damages for the alleged past violation of his constitutional rights, but this case does not otherwise present an ongoing controversy justifying declaratory relief. Brown's claim for declaratory relief is therefore moot.

Finally, Brown did not challenge the dismissal of the state negligence claims against Culpepper in his opening brief. We affirm the dismissal of those claims because they have been waived on appeal.

**AFFIRMED.**