NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 27 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HERITAGE BANK OF COMMERCE, a
California corporation,

          Plaintiff-Appellant,

v.

ZURICH AMERICAN INSURANCE
COMPANY,

          Defendant-Appellee.

No.   23-15115

D.C. No. 3:21-cv-10086-RS

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, Chief District Judge, Presiding

Argued and Submitted February 13, 2024
San Francisco, California

Before: MILLER, BADE, and VANDYKE, Circuit Judges.

Heritage Bank of Commerce ("Heritage") appeals the district court's grant

of Zurich American Insurance Company's ("Zurich") motion to dismiss under

Federal Rule of Civil Procedure 12(b)(6). We review de novo a district court's

decision on a motion to dismiss. *Harper v. Nedd*, 71 F.4th 1181, 1184 (9th Cir.

---

     * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

2023). The parties agree that California law applies, and we need "not question this assumption." *See McQuirk v. Donnelley*, 189 F.3d 793, 796 n.3 (9th Cir. 1999). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Heritage purchased a claims-made-and-reported insurance policy from Zurich. Under this policy, notice of either a claim or a potential claim had to be sent in writing to Zurich's claims department at a specified address during the policy period. Heritage learned of a potential claim during the policy period, but it failed to send timely notice to the correct address. Instead, it emailed the notice to a Zurich underwriter. When Zurich refused to provide coverage, citing the notice provision, Heritage sued.

The district court granted Zurich's motion to dismiss because Heritage failed to substantially comply with the notice provision and, alternatively, because the contract's insolvency exclusion provision applied. Heritage contends that the district court correctly applied a substantial compliance standard, but that it erred in concluding that Heritage failed to substantially comply.

Heritage's argument fails because the notice provision required strict compliance. California requires strict compliance with provisions in an insurance contract that import "an intention to do or not to do a thing which materially affects the [insured] risk." *Chase v. Nat'l Indem. Co.*, 278 P.2d 68, 71–72 (Cal. Ct. App. 1954). Because the Supreme Court of California has not addressed whether strict

2

compliance or substantial compliance with notice requirements in a claims-made-and-reported policy is required, we "must predict how the highest state court would decide the issue." *See Assurance Co. of Am. v. Wall & Assocs. LLC of Olympia*, 379 F.3d 557, 560 (9th Cir. 2004) (quoting *Nelson v. City of Irvine*, 143 F.3d 1196, 1206 (9th Cir. 1998)).

In multiple cases, California appellate courts have explained that notice provisions in claims-made-and-reported policies directly bear on the insured risk because those provisions (1) reduce the insurer's risk of monitoring payments, which is a principal purpose of such policies, and (2) operate as forfeiture clauses. *See Root v. Am. Equity Specialty Ins. Co.*, 30 Cal. Rptr. 3d 631, 645–46 (Ct. App. 2005); *Helfand v. Nat'l Union Fire Ins. Co.*, 13 Cal. Rptr. 2d 295, 305 (Ct. App. 1992); *Pac. Emps. Ins. Co. v. Superior Court*, 270 Cal. Rptr. 779, 784 (Ct. App. 1990). Although these decisions considered California's notice-prejudice rule, the analysis of whether notice provisions directly bear on the insured risk equally applies here.

Other circuits have also held, and leading treatises have commented, that strict compliance is required for notice provisions in claims-made-and-reported policies. *See F.D.I.C. v. Barham*, 995 F.2d 600, 604 n.9 (5th Cir. 1993); 16 Williston on Contracts § 49:88 (4th ed.). Thus, the Supreme Court of California would likely hold that Heritage had to strictly comply with the notice requirement.

*See Assurance Co. of Am.*, 379 F.3d at 560 (explaining that intermediate state court decisions, decisions from other jurisdictions, and treatises are some of the relevant sources when predicting how the highest state court would decide an issue).

Therefore, we affirm the district court's decision because Heritage failed to strictly comply with the notice provision. *Atel Fin. Corp. v. Quaker Coal Co.*, 321 F.3d 924, 926 (9th Cir. 2003) ("We may affirm a district court's judgment on any ground supported by the record, whether or not the decision of the district court relied on the same grounds or reasoning we adopt."). We do not reach the district court's alternative basis for dismissal applying the insolvency exclusion.

**AFFIRMED.**