NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 17 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRENDA HORSLEY; CYNTHIA ANDERSON; VINCENT LANCHINEBRE; JUSTIN RAWSON; DANIEL RUVALCABA; PATRICIA UNDERHILL; COURTNEY WOLFENSTEIN; KRISTI SHEPHERD; JANET MANNING; MARIA SAMANTHA DE LA CRUZ; JEFF FOLKES; MICHAEL JANG; JOSHUA PACHECO; MICHELLE MASSA, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> KAISER FOUNDATION HOSPITALS, INC.; GAVIN NEWSOM, Governor of California; TOMAS J. ARAGON; GREG ADAMS; ANDREW BINDMAN, <br><br> Defendants - Appellees. | No. 24-5812 <br><br> D.C. No. 3:23-cv-05628-AMO <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Araceli Martinez-Olguin, District Judge, Presiding

Submitted October 22, 2025**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

San Francisco, California

Before: MURGUIA, Chief Judge, FORREST, Circuit Judge, and COLLINS, District Judge.[***]

Plaintiffs-Appellants ("Plaintiffs") are former healthcare employees of Kaiser Foundation Hospitals, Inc. ("KFH") who were terminated for refusing to take the COVID-19 vaccine and failing to provide an exemption in violation of KFH's vaccination policy and the State of California's health order. Plaintiffs bring their claims against KFH and its executive officers Greg Adams and Andrew Bindman, M.D. (collectively, "Kaiser Defendants"), as well as the Governor of the State of California Gavin Newsom, and the Director of California's Department of Public Health Tomas Aragón (collectively, "State Defendants"). Plaintiffs appeal the dismissal of their six federal claims under 42 U.S.C. § 1983, their implied right of action claim under 21 U.S.C. § 360bbb-3, and their two state-law claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a district court's dismissal for failure to state a claim de novo. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019). We accept as true all factual allegations in the complaint and construe the pleadings in the light most favorable to the nonmoving party. *Id.*

---

[***] The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

1.  The district court did not err in dismissing Plaintiffs' six federal claims under Section 1983.  Plaintiffs bring four claims stylized as "Subjected to Investigational Drug Use," "Deprivation of Rights Under the Spending Clause," "Unconstitutional Conditions Doctrine," and "PREP Act."  Plaintiffs assert these claims based on 21 U.S.C. § 360bbb-3, 10 U.S.C. § 980, 42 U.S.C. § 247d-6, Article VII of the International Covenant on Civil and Political Rights Treaty ("ICCPR"), 45 C.F.R. § 46, the Belmont Report, the Federal Wide Assurance ("FWA") Agreement, the COVID-19 Vaccination Program Provider Agreement, and Emergency Use Authorizations.  *See also Curtis v. Inslee*, 154 F.4th 678, 686–90 (9th Cir. 2025) (relying on identical authorities).

Plaintiffs' "kitchen sink" approach does not hold up, as none of Plaintiffs' claims allege "a specific and definite right enforceable by Plaintiffs under Section 1983."  *Id.* at 685, 687 (addressing identical authorities).  Moreover, to the extent Plaintiffs invoke the Supremacy Clause to support their claims, the Supremacy Clause "'is not a source of any federal rights' enforceable under Section 1983."  *Id.* at 690 (quoting *Golden State Transit Corp. v. City of L.A.*, 493 U.S. 103, 107 (1989)).

Plaintiffs' two Section 1983 claims pursuant to the Fourteenth Amendment fare no better because they are foreclosed by our decision in *Curtis*.  *See id.* at 691–92 (citing *Health Freedom Def. Fund, Inc. v. Carvalho*, 148 F.4th 1020 (9th

Cir. 2025) (en banc) and *Jacobson v. Massachusetts*, 197 U.S. 11 (1905)). And the penalties imposed on Plaintiffs here "were amply justified by public health concerns." *Id.* at 692. Plaintiffs' procedural due process claim also fails because Plaintiffs' at-will employment with KFH is not a constitutionally protected property interest under the Fourteenth Amendment, *id.* (citing *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)), and the process the state created for granting religious and medical exemptions "fulfilled the purpose of the requisite pretermination hearing," *id.* at 693 (quoting *Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 332 (9th Cir. 1995)). Plaintiffs also raise an equal protection claim. This claim likewise fails, as the state action, enforcing a vaccine mandate, "easily survives rational-basis review." *Id.* at 694.

Thus, we affirm the dismissal of Plaintiffs' claims brought under Section 1983. *Atel Fin. Corp. v. Quaker Coal Co.*, 321 F.3d 924, 926 (9th Cir. 2003) ("We may affirm a district court's judgment on any ground supported by the record.").[1]

2. The district court did not err in dismissing Plaintiffs' implied right of action claim under 21 U.S.C. § 360bbb-3. Section 360bbb-3, a provision of the Food, Drug, and Cosmetic Act ("FDCA"), contains no "'rights-creating language' that places 'an unmistakable focus' on the individuals protected instead of the

---

[1] We need not decide the questions of state action and qualified immunity addressed by the district court.

person regulated." *Saloojas, Inc. v. Aetna Health of Cal., Inc.*, 80 F.4th 1011, 1015 (9th Cir. 2023) (emphasis omitted) (quoting *UFCW Loc. 1500 Pension Fund v. Mayer*, 895 F.3d 695, 699 (9th Cir. 2018)). Furthermore, Section 337 of the FDCA expressly states that all proceedings to enforce the FDCA "shall be by and in the name of the United States," 21 U.S.C. § 337(a), confirming Congress's intent not to create a private right of action in one of the FDCA's provisions. *POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 109 (2014). Finally, "Section 360bbb-3 does not create a private right of action that is enforceable under Section 1983." *Curtis*, 154 F.4th at 687.

3. The district court did not err in finding that Plaintiffs waived their state-law claims against the State Defendants. A plaintiff who makes a claim but fails to the raise the issue in response to a motion to dismiss "has effectively abandoned his claim." *Walsh v. Nev. Dep't of Hum. Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006). Plaintiffs do not dispute that they failed to oppose dismissal of their state-law claims against State Defendants before the district court.[2]

4. The district court did not abuse its discretion in dismissing without leave

---

[2] The district court further declined to exercise supplemental jurisdiction over Plaintiffs' state-law claims against Kaiser Defendants. We review "a district court's dismissal of supplemental state-law claims for an abuse of discretion." *Bryant v. Adventist Health Sys./W.*, 289 F.3d 1162, 1165 (9th Cir. 2002) (citation omitted). Because the district court did not err in dismissing the federal claims, "it did not abuse its discretion in dismissing the state-law claims." *See id.* at 1169 (citing 28 U.S.C. § 1367(c)(3)).

to amend. The "district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (citing *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (per curiam)). Plaintiffs requested leave to amend their complaint to include a new claim for deprivation of Plaintiffs' "fundamental right to refuse unwanted medical treatment," under a new theory that the COVID-19 injections were "medical treatment" rather than vaccinations. However, this new claim suffers from the same pleading deficiencies outlined by the district court in its order. Thus, the district court did not abuse its discretion in finding amendment would be futile.

**AFFIRMED.**