*502 MEMORANDUM **
California state prisoner Courtney Lamont Cooper appeals from the district court’s judgment dismissing with prejudice his 42 U.S.C. § 1983 action against Drs. Richard Torchia and Martin Levin. We review de novo. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir.2000) (order) (dismissal under 28 U.S.C. § 1915A); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.1998) (order) (dismissal under 28 U.S.C. § 1915(e)); Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir.2007) (dismissal under Fed.R.Civ.P. 60(b)). We affirm.
We affirm the dismissal of Cooper’s First Amendment claim against Dr. Torc-hia because the second amended complaint fails to set forth the elements of a retaliation claim. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir.2005) (describing the required elements of a First Amendment retaliation claim); see also Atel Financial Corp. v. Quaker Coal Co., 321 F.3d 924, 926 (9th Cir.2003) (explaining that the court may affirm on any basis supported by the record).
The district court properly determined that Cooper’s allegations regarding Dr. Levin’s failure to authorize a Magnetic Resonance Imaging test described, at most, a difference of opinion among treating physicians and therefore were insufficient to state an Eighth Amendment violation. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996) (explaining that “a plaintiffs showing of nothing more than ‘a difference of medical opinion’ as to the need to pursue one course of treatment over another [is] insufficient, as a matter of law, to establish deliberate indifference”); see also Franklin v. State of Oregon, 662 F.2d 1337, 1344 (9th Cir.1981) (explaining that a difference in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis or treatment is not enough to state a deliberate indifference claim). Further, Cooper failed to allege facts to suggest that Levine’s failure to authorize the test was medically unacceptable under the circumstances. See Jackson, 90 F.3d at 332. Cooper’s allegations that he was transported to Alvarado Hospital for surgery and post-operative treatments belie a claim that Levin failed to respond to 'Cooper’s complaints. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.2001) (explaining that a plaintiff can “plead himself out of a claim by including unnecessary details contrary to his claims.”).
Cooper waived his arguments that other individuals were deliberately indifferent. See Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 900 (9th Cir.2007) (“Generally, the federal courts deem waived any arguments that are not raised and presented in the parties’ opening briefs.”).
Cooper’s requests for judicial notice are denied.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.