**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACOB ANTHONY, | No. 09-35431 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00698-HU |
| v. | |
| CORPORAL ESTHER SCHACKMANN, et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted October 19, 2010[**]

Before:    O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

Oregon state prisoner Jacob Anthony appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging retaliation, excessive

force, and due process claims under the First, Eighth, and Fourteenth Amendments.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Galen v. County of Los Angeles,* 477 F.3d 652, 658 (9th Cir. 2007), and may affirm on any grounds supported by the record, *Atel Fin. Corp. v. Quaker Coal Co.*, 321 F.3d 924, 926 (9th Cir. 2003) (per curiam). We affirm in part, vacate in part, and remand.

Summary judgment on qualified immunity grounds was proper as to Anthony's excessive force claim because, even construing the facts in his favor, defendant Schackmann's unprovoked, single slap constituted only de minimis force, and defendant Stepp did not personally use any force against Anthony. *See Hudson v. McMillian*, 503 U.S. 1, 6-7, 9-10 (1992) (de minimis use of force does not violate Eighth Amendment unless it is of a sort repugnant to the conscience); *see also Rodriguez v. Maricopa County Cmty. Coll. Dist.*, 605 F.3d 703, 711 (9th Cir. 2010) (qualified immunity proper if there is no constitutional violation); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (defendant must be personally involved in alleged constitutional deprivation under § 1983).

Defendants were also entitled to summary judgment on qualified immunity grounds as to Anthony's due process claim because his placement in segregation did not impose an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life" to give rise to a protected liberty interest, *Sandin*

*v. Conner*, 515 U.S. 472, 485 (1995), and regardless, he received a meaningful, due process hearing, *see Wolff v. McDonnell*, 418 U.S. 539, 563-72 (1974).

The district court erred, however, in granting summary judgment as to Anthony's retaliation claim on the ground that defendants did not personally decide to transfer Anthony to segregation after he complained about their conduct. The evidence that defendants' falsified a misconduct report and that the facts in this report caused their supervisor to place Anthony in segregation, construed in the light most favorable to Anthony, raised a triable issue that defendants might be liable for causing Anthony's confinement in segregation. *See Wong v. United States,* 373 F.3d 952, 966 (9th Cir. 2004) (defendant who sets in motion acts that result in constitutional injury can be held liable); *see also Barren*, 152 F.3d at 1194 (causal connection between wrongful conduct and resulting deprivation is sufficient under § 1983). We therefore vacate the grant of summary judgment as to Anthony's retaliation claim and remand for further proceedings. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (discussing elements of inmate's retaliation claim).

Anthony's remaining contentions are unpersuasive.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

09-35431