**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WALTER L. CLEVELAND, Jr., | No. 16-16704 |
| Plaintiff-Appellant, | D.C. No. 4:15-cv-00400-BPV |
| v. | |
| COCHISE, COUNTY OF, Cochise County for Cochise County Sheriff's Dept., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Bernardo P. Velasco, Magistrate Judge, Presiding**

Submitted September 26, 2017***

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Walter L. Cleveland, Jr., appeals pro se from the district court's judgment

following a bench trial in Cleveland's 42 U.S.C. § 1983 action alleging violations

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

\*\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of his Fourth and Fourteenth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review for clear error the district court's findings of fact, and de novo its conclusions of law. *Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 843 (9th Cir. 2004). We may affirm on any ground supported by the record. *Atel Fin. Corp. v. Quaker Coal Co.*, 321 F.3d 924, 926 (9th Cir. 2003). We affirm.

The ruling in favor of defendant on Cleveland's Fourth Amendment claim arising from officer Haymore's entry into Cleveland's yard was proper because Haymore's conduct fell within an emergency exception to the warrant requirement. *See United States v. Struckman*, 603 F.3d 731, 738 (9th Cir. 2010) (the emergency exception to the warrant requirement "stems from the police officers' community caretaking function and allows them to respond to emergency situations that threaten life or limb" (citations and internal quotation marks omitted)); *see also Michigan v. Tyler*, 436 U.S. 499, 511 (1978) ("[W]e hold that an entry to fight a fire requires no warrant, and that once in the building, officials may remain there for a reasonable time to investigate the cause of the blaze.").

The district court properly ruled in favor of defendant on Cleveland's Fourteenth Amendment claim arising from Haymore's entry into Cleveland's yard because Cleveland failed to show that Haymore's actions "shock[ ] the conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998)

(outlining the standard for executive action that violates substantive due process).

The district court properly ruled in favor of defendant on Cleveland's Fourth Amendment claim arising from Callahan-English's entry into Cleveland's home because Cleveland gave consent to her entry. *See Fernandez v. California*, 134 S. Ct. 1126, 1132 (2014) (warrantless searches are permissible "when the sole owner or occupant of a house or apartment voluntarily consents to a search"); *United States v. Basher*, 629 F.3d 1161, 1167 (9th Cir. 2011) (outlining requirements for determining whether consent was voluntary).

The district court properly ruled in favor of defendant on Cleveland's Fourth Amendment claim arising from Callahan-English's seizure of Cleveland's BB gun and machete because these weapons were found in "plain view," and Callahan-English had a legal right to be in Cleveland's home. *United States v. Garcia*, 205 F.3d 1182, 1187 (9th Cir. 2000) ("The 'plain view' exception requires: (1) that the initial intrusion must be lawful; and (2) that the incriminatory nature of the evidence must be immediately apparent to the officer.").

The district court did not commit a clear error in awarding Cleveland $1 in nominal damages on Cleveland's Fourth Amendment claim arising from Callahan-English retrieval of medication from his home. *See Lentini*, 370 F.3d at 843 (standard of review).

We do not consider matters not specifically and distinctly raised and argued

in an appellant's opening brief or raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**