FILED

SEP 6 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ADLEY SHEPHERD,

Plaintiff-Appellant,

v.

CITY OF SEATTLE, a Washington
Municipality; et al.,

Defendants-Appellees.

No.    23-35195

D.C. No. 2:22-cv-00019-SAB

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Stanley A. Bastian, Chief District Judge, Presiding

Argued and Submitted August 20, 2024
Seattle, Washington

Before:  HAWKINS, McKEOWN, and DE ALBA, Circuit Judges.

Defendant-Appellant Adley Shepherd ("Shepherd") appeals the grant of

summary judgment in favor of the City of Seattle ("City") on his 42 U.S.C. § 1981

claims and the dismissal of his state contract claims, all of which arose from the

City's alleged failure to abide by the terms of a collective bargaining agreement

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

during an employment dispute. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in full.

## BACKGROUND

The Chief of Police terminated Shepherd's employment as a City police officer after determining that he used excessive force during an arrest. Pursuant to a collective bargaining agreement between the City and the police union ("CBA"), Shepherd appealed his termination to a disciplinary review board ("DRB"). After investigations and a hearing, the DRB ordered the City to reinstate Shepherd within fifteen days. Under the CBA's arbitration provision, the DRB's reinstatement order was supposed to be final and binding on the parties. But the City did not reinstate Shepherd. Instead, it sought review of the DRB's decision in Washington state courts, which eventually voided the reinstatement order as contrary to public policy. *See generally City of Seattle, Seattle Police Dep't v. Seattle Police Officers' Guild*, 484 P.3d 485 (Wash. Ct. App. 2021), *review denied*, 493 P.3d 740 (Wash. 2021). Shepherd's employment was never reinstated.

Shepherd, who is African American, then filed this suit in federal court, alleging, inter alia, that the City did not appeal unfavorable DRB determinations in cases involving similarly situated white officers and thereby discriminated against him in violation of § 1981 and breached the CBA in violation of state law. After dismissing some of Shepherd's claims, and before the close of discovery, the district

2

court granted summary judgment in the City's favor on Shepherd's federal claims and declined to exercise its supplemental jurisdiction over his remaining state law claims and dismissed them. Shepherd timely appealed.

**DISCUSSION**

1. The grant of summary judgment was proper as to Shepherd's § 1981 claims.[1] "We review a district court's rulings on summary judgment motions de novo." *See Donell v. Kowell*, 533 F.3d 762, 769 (9th Cir. 2008). A party is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Nissan Fire & Marine Ins. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If this burden is met, the non-moving party must go beyond the pleadings and designate by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*

---

[1] Last year, this Circuit joined our sister circuits in finding that § 1981 contains no private right of action and, thus, "[a] plaintiff seeking to enforce rights secured by § 1981 against a state actor must bring a cause of action under § 1983." *See Yoshikawa v. Seguirant*, 74 F.4th 1042, 1047 (9th Cir. 2023). Shepherd's injuries were pleaded as standalone claims under § 1981 before *Yoshikawa* was decided. In similar circumstances, we have reversed dismissals of § 1981 claims for repleading as § 1983 claims. *Id.*; *Bala v. Henrikson*, No. 23-35034, 2024 WL 546349, at *2 (9th Cir. Feb. 12, 2024). However, we will not take that approach here because even if Shepherd's § 1981 claims were properly re-asserted under § 1983, they would fail as a matter of law for the reasons explained below.

3

*v. Catrett,* 477 U.S. 317, 324 (1986) (internal quotation and citation omitted).[2]

Viewing the facts in the light most favorable to Shepherd, he fails to do so.

Shepherd's federal claims arise under 42 U.S.C. § 1981, which protects all people "within the jurisdiction of the United States" and ensures their equal right to "make and enforce contracts" without respect to race. *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006) (quoting 42 U.S.C. § 1981(a)). Specifically, he advanced hostile work environment and disparate treatment claims, which were premised on the City's allegedly discriminatory enforcement of the CBA's arbitration provision.[3] *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1103 (9th Cir. 2008) ("When analyzing § 1981 claims, we apply the same legal principles as those

---

[2] In part, Shepherd argues that the district court abused its discretion by granting summary judgment before the close of discovery. *See Garrett v. City & County of San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987) ("[A] refusal to permit further discovery is reviewed for an abuse of discretion."). Such a decision only merits reversal where the movant can show that summary judgment would be precluded by evidence that might be uncovered through further discovery. *Hall v. Hawaii*, 791 F.2d 759, 761 (9th Cir. 1986). For the reasons discussed below, Shepherd's claims fail as a matter of law for reasons that could not be cured through further discovery.

[3] To the extent that Shepherd's § 1981 claims relied on the Police Chief's actions, they are time-barred. After *Yoshikawa*, it is unclear whether § 1981's four-year or § 1983's two-year limitation applies to Shepherd's claims. However, even supposing that the more generous four-year limitation period controls, the Chief terminated Shepherd's employment in November 2016—more than five years before he initiated the present action. Thus, the remaining analysis only considers his claims to the extent they arise from the City's decision to appeal the DRB determination.

applicable in a Title VII disparate treatment case." (internal quotation marks and citation omitted)); *Manatt v. Bank of Am., NA*, 339 F.3d 792, 797 (9th Cir. 2003) (noting that § 1981 encompasses hostile work environment claims). Both claims fail as a matter of law.

Although the City's allegedly discriminatory actions implicated Shepherd's employment, Shepherd cites no authority suggesting that conduct occurring after a plaintiff's termination can support a hostile work environment claim. Thus, this claim fails as a matter of law.

Moreover, Shepherd's disparate treatment claim fails because he cannot establish *Monell* liability. Pursuant to *Monell*, "[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation" of Shepherd's protected rights. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011); *Fed'n of Afr. Am. Contractors v. City of Oakland*, 96 F.3d 1204 (9th Cir. 1996) (same as to § 1981 claims), *overruled on other grounds by Yoshikawa v. Seguirant*, 74 F.4th 1042, 1215 (9th Cir. 2023). To meet this standard, Shepherd alleges a City practice of not appealing unfavorable DRB determinations in cases involving similarly situated white officers. However, Shepherd cites no authority suggesting that an isolated deviation from a municipality's common practice can support *Monell* liability. Indeed, "generally, a single instance of unlawful conduct is insufficient to state a

5

claim for municipal liability," and Shepherd did not argue that his claims fit within the "single instance category"—an exception to that general rule. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1154 (9th Cir. 2021). As a result, Shepherd cannot establish a genuine issue of material fact on the only theory of liability he identifies to support his § 1981 claims.[4] Accordingly, we affirm the grant of summary judgment. *See Atel Fin. Corp. v. Quaker Coal Co.*, 321 F.3d 924, 926 (9th Cir. 2003) ("We may affirm a district court's judgment on any ground supported by the record, whether or not the decision of the district court relied on the same grounds or reasoning we adopt.").

2. Moreover, the district court did not abuse its discretion in declining to exercise its supplemental jurisdiction over Shepherd's remaining state law claims. As Shepherd notes, "[i]n exercising its discretion to decline supplemental jurisdiction, a district court must undertake a case-specific analysis." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004). However, a district court's decision not to exercise its supplemental jurisdiction is sufficient if the analysis references the proper "case-specific" sub-clause under § 1367(c). *But see Arroyo v. Rosas*, 19

---

[4] It seems, as a practical matter, that Shepherd's disparate treatment claim advanced a theory of direct liability. Nevertheless, he sought to satisfy his burden under Rule 56(c) by arguing exclusively in *Monell* terms. We affirm based on the arguments Shepherd presented but do not suggest that municipalities can never be directly liable for violations of § 1981. *See Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 405 (1997).

F.4th 1202, 1205 (9th Cir. 2021) (noting that further explanation is required for claims dismissed pursuant to § 1367(c)(4)).  Here, the district court expressly declined to exercise its supplemental jurisdiction over Shepherd's state law claims pursuant to § 1367(c)(3).  Thus, it did not abuse its discretion.

**AFFIRMED.**